

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-4-2009

# Sandjojo v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3853

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Sandjojo v. Atty Gen USA" (2009). *2009 Decisions*. Paper 1927.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1927

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3853
_____

GOENAWAN SANDJOJO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A96-203-342)
Immigration Judge:  Honorable Robert Owens

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2009

Before: SLOVITER, STAPLETON and COWEN, Circuit Judges

(Opinion filed: February 4, 2009)
_____

OPINION
_____

PER CURIAM

Goenawan Sandjojo petitions for review of an order of the Board of Immigration

Appeals (BIA). For the reasons below, we will deny the petition for review.

Sandjojo was admitted to the United States in May 2001 as a visitor. In April 2003, he was charged as removable for overstaying his admission period. Sandjojo conceded removability and applied for withholding of removal and relief under the Convention Against Torture. He argued that he had suffered and would suffer persecution in Indonesia on account of his Chinese ethnicity and his Christian religion. After the IJ denied relief, the BIA dismissed the appeal. Sandjojo filed a timely petition for review.

We have jurisdiction under 8 U.S.C. § 1252. In his brief, Sandjojo only argues that he is entitled to withholding of removal. To be eligible for withholding of removal, Sandjojo must demonstrate that it is more likely than not that his life would be threatened in Indonesia on account of race, religion, nationality, membership in a particular social group, or political opinion. Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003); 8 U.S.C. § 1231(b)(3)(A). We may reverse the BIA's decision only if the record permits but one reasonable conclusion which was not the one reached by the Board. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Sandjojo argues that he suffered past persecution on account of his Chinese ethnicity and his Christian religion when he was (1) threatened by an army officer with a gun for being too loud; (2) severely mistreated at school; (3) threatened by an army officer while at work; (4) forced to change religion in order to marry a native Indonesian; and (5) extorted by native Indonesians. We conclude that Sandjojo has not shown that the

2

record compels a finding that he suffered past persecution on account of his ethnicity or religion.

Sandjojo also argues that there is a pattern or practice of persecution against Chinese Christians in Indonesia. We have held that in order to constitute a "pattern or practice," the persecution of a group must be "systemic, pervasive, or organized." Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005). In Wong v. Attorney General, 539 F.3d 225 (3d Cir. 2008), we held that the 2003 and 2004 Country Reports did not demonstrate a pattern or practice of persecution against Chinese Christians. We noted that the 2005 and 2006 Country Reports documented improved treatment of Chinese Christians in Indonesia. Wong, 539 F.3d at 234. Here, Sandjojo refers to the 2005 Country Report. He concedes that the report notes a reduction in inter-religious violence and a government initiative to prosecute extremists.

We conclude that Sandjojo has not shown that the record compels a finding that his life would be threatened if removed to Indonesia so as to entitle him to withholding of removal. Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003). Accordingly, we will deny the petition for review. Counsel's motion to withdraw is granted and the motion for an extension of time is denied.